﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 200130-65017
DATE: July 31, 2020

ORDER

Prior to January 28, 2020, entitlement to an initial evaluation greater than 50 percent for posttraumatic stress disorder (PTSD) is denied.

From January 28, 2020, entitlement to an evaluation of 70 percent, but no higher, for PTSD is granted.

FINDINGS OF FACT

1. Prior to January 28, 2020, the Veteran’s service-connected PTSD more closely approximated occupational and social impairment with reduced reliability and productivity.

2. Beginning January 28, 2020, the Veteran’s service-connected PTSD more nearly approximated occupational and social impairment with deficiencies in most areas.

CONCLUSIONS OF LAW

1. Prior to January 28, 2020, the criteria for a disability rating in excess of 50 percent for PTSD have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. § 4.130, Diagnostic Code 9411.

2. Beginning January 28, 2020, the criteria for a disability rating of 70 percent, but no higher, for PTSD have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. § 4.130, Diagnostic Code 9411.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from December 1990 to September 1991. This matter comes before the Board of Veterans’ Appeals (Board) from a December 2019 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO).

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. In August 2019, the Veteran requested higher-level review of an April 2019 rating decision which granted service connection for PTSD. Accordingly, the December 2019 higher-level review decision considered the evidence of record as of the date of the April 2019 rating decision. In February 2020, the Veteran timely appealed the December 2019 rating decision to the Board, electing the evidence submission lane and review by a Veterans Law Judge.

This appeal has been advanced on the Board’s docket pursuant to 38 U.S.C. § 7107(a)(2); 38 C.F.R. § 20.902(c).

1. Entitlement to an increased rating for PTSD

The Veteran asserts that he should be entitled to a higher disability rating for his service-connected PTSD. Service connection for PTSD was granted in an April 2019 rating decision and assigned a 50 percent disability rating, effective October 2, 2018. Thereafter, the RO assigned an earlier effective date of January 27, 2018.

Disability ratings are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities (Rating Schedule) and are intended to represent the average impairment of earning capacity resulting from disability. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. The Veteran’s PTSD is rated under the General Rating Formula for Mental Disorders, 38 C.F.R. § 4.130, Diagnostic Code 9411. In relevant part, the rating criteria are as follows:

A 50 percent rating is assigned for occupational and social impairment with reduced reliability and productivity due to such symptoms as: flattened affect; circumstantial, circumlocutory or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short-term and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; difficulty in establishing and maintaining effective work and social relationships.

A 70 percent rating is assigned for occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a worklike setting); inability to establish and maintain effective relationships.

A 100 percent rating is assigned for total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behaviour; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; memory loss for names of close relatives, own occupation, or own name.

The symptoms listed in the General Rating Formula are not intended to constitute an exhaustive list, but rather are to serve as examples of the type and degree of the symptoms, or their effects, that would justify a particular rating. Mauerhan v. Principi, 16 Vet. App. 436, 442 (2002). When evaluating the level of disability from a mental disorder, the rating agency will consider the extent of social impairment but shall not assign an evaluation solely based on social impairment. 38 C.F.R. § 4.126(b). The Board must conduct a “holistic analysis” that considers all associated symptoms, regardless of whether they are listed as criteria. Bankhead v. Shulkin, 29 Vet. App. 10, 22 (2017); 38 C.F.R. § 4.130. A veteran may only qualify for a given disability rating under 38 C.F.R. § 4.130 by demonstrating the particular symptoms associated with that percentage, or others of similar severity, frequency, and duration. Vazquez-Claudio v. Shinseki, 713 F.3d 112 (Fed. Cir. 2013). Section 4.130 requires not only the presence of certain symptoms but also that those symptoms have caused occupational and social impairment in most of the referenced areas.” Id. at 118.

Upon review of the record, the Board finds that a rating higher than 50 percent is not warranted at any time prior to January 28, 2020.

The Veteran underwent a VA examination in March 2018, during which time he reported symptoms of depressed mood, loss of interest in most activities, difficulty falling and staying asleep, fatigue, and difficulty concentrating. The Veteran denied having experienced any manic or hypomanic episodes, significant problems with fear, obsessive thoughts, or any compulsive or hoarding behaviors. The examiner noted that the Veteran did not endorse any suicidal or homicidal ideation, aggressive or violent behaviors, and anger, irritability, or impulsiveness. He also denied ever experiencing any hallucinations or any symptoms of derealization or depersonalization. Regarding the functional impact of the Veteran’s diagnosed mental disorder, the examiner indicated that the Veteran exhibited no significant decrease in work efficiency, activities of daily living, or self-care. The examiner concluded that the Veteran experienced occupational and social impairment due to mild or transient symptoms.

During an October 2018 VA examination, the Veteran was noted as having symptoms of depressed mood, anxiety, chronic sleep impairment, disturbances of motivation and mood, and difficulty adapting to stressful circumstances. The examiner noted that the Veteran’s affect was depressed and anxious, and his mood was congruent. The examiner indicated that the Veteran suffered from occupational and social impairment due to mild or transient symptoms.

In a January 2020 letter, after evaluating the Veteran, the VA examiner who had examined the Veteran in October 2018 found that the Veteran’s PTSD causes both occupational and social impairment with deficiencies in most areas of his life, due to near continuous anxiety and depression, obsessional behavior, poor impulse control, neglect of personal appearance and hygiene, difficulty adapting to stress, and the limited ability to maintain effective relationships. The examiner noted that the Veteran reported panic attacks three to four times a week, and thoughts of suicide, although he has no intent to act on those thoughts.

Upon review of the record, the Board finds that prior to January 28, 2020, the evidence shows the Veteran’s PTSD did not more nearly approximate occupational and social impairment with reduced reliability and productivity. In this regard, the evidence reflects that the Veteran suffered from depressed mood, anxiety, chronic sleep impairment, disturbances of motivation and mood, and difficulty adapting to stressful circumstances. Moreover, during the October 2018 VA examination, the Veteran reported that he had a good relationship with his family and has worked at the same job for 31 years. The Veteran’s treatment records do not show that the Veteran experienced symptoms that warrant a higher rating during this period.

However, from January 28, 2020, the evidence shows the Veteran’s PTSD more nearly approximates the criteria for a 70 percent rating. In this regard, the evidence reflects that the Veteran suffers from near continuous anxiety and depression, obsessional behavior, poor impulse control, neglect of personal appearance and hygiene, difficulty adapting to stressful circumstances, suicidal ideation, and a limited ability to maintain effective relationships.

A higher, 100 percent rating is not warranted as the evidence of record does not support a finding that the Veteran has exhibited the level of cognitive, occupational and social impairment that render him totally occupationally and socially impaired as a result of the type of symptoms listed in the general rating schedule or symptoms of a similar degree. During the appeal period, there have been no deficiencies identified in the Veteran’s thought processes or communication, nor has there been any indication of such symptoms as, but not limited to, disorientation, delusions, or grossly inappropriate behavior. Further, he has never reported memory loss of the severity contemplated by a 100 percent rating.

As such, the preponderance of the competent and probative evidence is against the award of a rating higher than 50 percent for PTSD prior to January 28, 2020, but supports the award of a 70 percent rating from that date. See Gilbert v. Derwinski, 1 Vet. App. 49, 55-57 (1990).

 

 

David Gratz

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Lance, Law Clerk

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.